UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL G. SALAV,**

        **Plaintiff,**

-vs-                                          Case No.  6:07-cv-1892-Orl-19GJK

**BOYLAND AUTO ORLANDO, LLC,**
d/b/a Mercedes Benz of South Orlando,

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Defendant Boyland Auto Orlando, LLC's Motion to Dismiss Counts I Through V of Plaintiff's Complaint (Doc. No. 4, filed Nov. 30, 2007);

2. Plaintiff Michael Salav's Motion to Remand and Memorandum of Law in Support Thereof (Doc. No. 9, filed Dec. 14, 2007);

3. Plaintiff Michael Salav's Notice of Voluntary Dismissal Without Prejudice (Doc. No. 12, filed Dec. 14, 2007); and

4. Defendant Boyland Auto Orlando, LLC's Response and Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Doc. No. 17, filed Dec. 21, 2007).

## Background

Plaintiff Michael Salav purchased a 2007 Mercedes automobile from Defendant Boyland Auto Orlando, LLC on March 12, 2007.  (Doc. No. 2, ¶¶ 6, 11).  The car Plaintiff purchased had over 1,700 miles on it.  (*Id.* at ¶ 8).  Plaintiff specifically asked Defendant if the car was new and if it had ever been damaged in a prior motor vehicle accident.  (*Id.*)  At all times, Defendant

represented that the vehicle was new and that the mileage was due to the fact that the vehicle was used as a demo. (*Id.* at ¶ 9). Defendant also stated that the vehicle was never involved in an accident and had been inspected by the dealership prior to the sale. (*Id.*)

In July 2007, Plaintiff attempted to trade in the vehicle to purchase a different car. (*Id.* at ¶ 16). At this time, Plaintiff learned that the Mercedes he purchased was previously stolen and recovered before he purchased it. (*Id.* at ¶¶ 17-18). Accordingly, the Mercedes had a significantly lower trade-in value than Plaintiff expected. (*Id.* at ¶ 26). Due to the lower trade-in value, Plaintiff was forced to lease rather than purchase his new car. (*Id.* at ¶ 27). Plaintiff contends that he would not have purchased the Mercedes if he knew it had been previously stolen. (*Id.* at ¶¶ 23-24).

Plaintiff asserts the following seven causes of action against Defendant: (1) fraudulent inducement; (2) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), codified as Florida Statutes section 501.201 *et seq.*; (3) breach of implied warranty of merchantability; (4) breach of express warranty; (5) violation of the Magnuson-Moss Warranty Act, codified as 15 U.S.C. section 2301, *et seq.*; (6) violation of the Florida Motor Vehicle Retail Sales Finance Act, codified as Florida Statutes § 520.01 *et seq.*; and (7) violation of the Florida Retail Installment Sales Act, codified as Florida Statutes § 520.30 *et seq.*. (Doc. No. 2).

**Procedural History**

Plaintiff filed the underlying seven count Complaint in state court on October 26, 2007. (Doc. No. 2). Defendant removed the case to this Court, alleging federal question jurisdiction because Count V of the Complaint asserted a cause of action under the Magnuson-Moss Warranty Act, codified as 15 U.S.C. § 2301 *et seq.* (Doc. No. 1). Defendant then filed a Motion to Dismiss Counts I through V of Plaintiff's Complaint. (Doc. No. 4).

Plaintiff simultaneously filed a Notice of Voluntary Dismissal of Count V of the Complaint and a Motion to Remand the case to state court, alleging that this Court lacks subject matter jurisdiction. (Doc. Nos. 9, 12). Plaintiff filed his Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). (Doc. No. 12). Defendant opposes Plaintiff's Motion to Remand and makes the following arguments: (1) Count V remains pending because Plaintiff's Notice of Voluntary Dismissal under Rule 41(a)(1) is an improper mechanism to dismiss a single count of a multi-count complaint; (2) even if Count V is dismissed, the Court has discretion to retain supplemental jurisdiction over state claims after the federal claims are dismissed; and (3) federal question jurisdiction exists because Counts VI and VII of the Complaint contain allegations that Plaintiff failed to comply with federal law and, therefore, involve substantial, disputed issues of federal law. (*Id.*)

**Analysis**

**I.    Plaintiff's Notice of Voluntary Dismissal**

A party may voluntarily dismiss an entire action as provided by Federal Rule of Civil Procedure 41. However, when a party seeks to dismiss one claim of a multi-claim action, the party should file a motion to amend the complaint under Rule 15(a). *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 662, 662 n. 10 (5th Cir. 1979).[1]  Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its complaint once as a matter of course at any time before a responsive pleading is served.

---

[1]     In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were handed down prior to October 1, 1981 as binding precedent.

Although motions under Rules 15 and 41 are procedurally different, they involve they application of similar standards. *Boyce v. Augusta-Richmond County*, 111 F. Supp.2d 1363, 1374 (S.D. Ga. 2000) (citing *Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 686 (N.D. Ga. 1997)). Therefore, the Court will treat Plaintiff's Notice of Voluntary Dismissal under Rule 41(a)(1) (Doc. No. 12) as a Motion to Amend his Complaint under Rule 15(a). *See Hayes v. Snap-On Tools Co., LLC*, No. 305CV658J32MCR, 2005 WL 2562604 at *1 (M.D. Fla. Oct. 12, 2005) (court construed plaintiff's motion to voluntarily dismiss one claim pursuant to Rule 41 as a motion to amend under Rule 15(a)); *Boyce v*, 111 F. Supp.2d at 1374; *Anderberg*, 176 F.R.D. at 686 ("When a party seeks to dismiss a single claim in a multi-count complaint instead of an entire action, however, the motion should be treated as a motion to amend the complaint under Rule 15(a) to delete the specific claim.")

Rule 15(a) allows a party to amend its complaint at any time before a responsive pleading is filed without seeking leave of court. A motion to dismiss is not a responsive pleading and does not preclude a party from amending its complaint without leave of court. *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000). Therefore, Plaintiff's Motion to Amend (Doc. No. 12) is granted, and Count V is dismissed from the Complaint.

## II.     Plaintiff's Motion to Remand

Defendant removed the instant case to this Court by asserting federal question jurisdiction on the basis of Count V. (Doc. No. 1). Because Count V has been dismissed, Plaintiff contends that there is no basis for federal subject matter jurisdiction over the case. (Doc. No. 9). A court should generally resolve jurisdictional issues before testing the sufficiency of a claim under Rule 12(b)(6). *See, e.g., Hitt v. City of Pasedena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). Therefore, the

Court will consider whether there is a proper basis for federal subject matter jurisdiction before addressing Defendant's Motion to Dismiss.

Under 28 U.S.C. section 1447(c), the district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction. . . ." In cases where "a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell Int'l Corp. v. Untied States*, 127 S.Ct. 1397, 1409 n. 6 (2007). However, the district court may decline to exercise supplemental jurisdiction over state claims after all claims over which it has original jurisdiction have been dismissed. *E.g., Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352-53 (11th Cir. 1997). In deciding whether to exercise such discretion, a district court should consider judicial economy, convenience, fairness and comity. *Id.* at 1353. If the district court declines to exercise supplemental jurisdiction, a plaintiff's claims should be remanded to state court. *E.g., Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005).

There is a presumption in favor of remanding state law claims to state courts because state courts are better forums to resolve issues of state law than federal courts. *See Ingram v. School Bd. of Miami-Dade County*, 167 Fed. Appx. 107, 108 (11th Cir. 2006) (per curiam); *Baggett*, 117 F.3d at 1353; *Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992). Such a proposition is especially important when all of the federal law claims have been resolved before trial. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 350 n. 7 (1988) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966)); *Ingram*, 167 Fed. Appx. at 108; *Mergens*

*v. Dreyfuss*, 166 F.3d 1114, 1119 (11th Cir. 1999), *cert. denied*, 528 U.S. 820 (1999); *Baggett*, 117 F.3d at 1353.

The instant case was initially brought in state court. (*See* Doc. No. 2). Currently, Plaintiff's Complaint involves six causes of action, all of which are founded on Florida law. (*Id.*) The only federal claim was dropped less than two months after the Complaint was filed in state court and approximately two weeks after Defendant filed its notice of removal. (Doc. Nos. 1, 2, 12). Plaintiff asserts that he did not dismiss his federal claim for the purpose of engaging in forum manipulation but rather for the purpose of "having a prompt and efficient resolution of [his] state law claims in the state forum in which [he] originally brought the present case." (Doc. No. 9, p. 6). Defendant introduces no evidence that Plaintiff dismissed his federal claim in an effort to destroy federal jurisdiction. (Doc. No. 17); *See Cohill*, 484 U.S. at 357 (court should consider whether there is evidence of forum shopping in determining whether the balance of factors favors remand). Additionally, there is no evidence that remand would unduly prejudice either party. Defendant's Motion to Dismiss (Doc. No. 4) may be reasserted in state court without any duplication of the time or effort of either party. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Although Defendant did not raise the issue in its Notice of Removal, Defendant contends that there is original jurisdiction over the case because there are substantial, disputed questions of federal law contained within Counts VI and VII of the Complaint. (Doc. No. 17, pp. 4-6). Defendant argues that Count VI and VII of Plaintiff's Complaint, which assert violations of Florida's Motor Vehicle Retail Sales Finance Act and Florida's Retail Installment Sales Act, contain allegations that

Defendant violated provisions of the Federal Truth in Lending Act and Federal Regulation Z as incorporated by the Florida Statutes.  (*Id.* at pp. 5-6).

In limited circumstances, federal question jurisdiction may exist "if a substantial, disputed question of federal law is a necessary element of a state cause of action." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998).  However, the mere fact that a federal issue is an element of a state law claim does not automatically confer federal-question jurisdiction.  *Id.*   Rather, the decision to exercise this type of federal question jurisdiction requires a district court to make "sensitive judgments about congressional intent, judicial power, and the federal question." *Id.* at 1284 (internal quotations omitted).  Such limited federal question jurisdiction generally exists if a plaintiff's "claim will be supported if the federal law is given one construction or effect and defeated if it is given another." *Mobil Oil Corp. v. Costal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir. 1982).  In contrast, this type of federal question jurisdiction generally does not exist when federal law "is merely set up by the state as a criterion by which to decide a state law question."  *Id.* at 426.

The sections of the Florida Statues that Plaintiff alleges were violated in Counts VI and VII of his Complaint provide that a contract which complies with federal law will also be deemed to comply with Florida law.  Fla. Stat. §§ 520.07(2); 520.34(2).  However, Counts VI and VII of Plaintiff's Complaint allege violations of Florida law because Defendant failed to comply with federal requirements that have been incorporated by the state of Florida.  (*See* Doc. No. 2, ¶¶ 72-80 (Count VI alleging a violation of Florida Statutes § 520.07), 81-89 (Count VII alleging a violation of Florida Statutes § 520.34)).  The allegations of the Complaint merely require applying of federal standards to determine if state law was violated and does not require the Court to interpret federal law.  Therefore, the Court declines to find that Counts VI and VII raise such a substantial, disputed

issue of federal law as to create an independent basis for federal question jurisdiction. Since there is no independent basis for federal subject matter jurisdiction, the case must be remanded to state court.[2]

## Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand (Doc. No. 9). The Clerk of the Court is directed to close the file and to send a certified copy of this Order to the State Clerk of Court.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 29, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[2] Because there is no basis for federal subject matter jurisdiction, the Court declines to consider the merits of Defendant's Motion to Dismiss.